UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TAMATHA MATTHEWS

VERSUS

ALCO COLLECTIONS, INC.

CIVIL ACTION

NUMBER 04-897-A-1

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, October 17, 2005.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

United States District Court
Middle District of Louisiana

**FILED**

October 17, 2005

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TAMATHA MATTHEWS

CIVIL ACTION

VERSUS

NUMBER  04-897-A-1

ALCO COLLECTIONS, INC.

**MAGISTRATE JUDGE'S REPORT**

Before the court is the Defendants' Motion for Summary Judgment.  Record document number 17.  The motion is opposed.[1]

Plaintiff Tamatha Matthews sued defendants Alco Collections, Inc. (Alco) and James Allen alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (FDCPA) and the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (FCRA). Plaintiff alleged that defendant Alco violated the FDCPA by attempting to collect a debt allegedly owed by her to St. Jean Apartments.  Plaintiff alleged specifically that Alco had reported the alleged debt to the Credit Bureau of Baton Rouge, Inc.  After the Baton Rouge City Court dismissed the claim of St. Jean Apartments against her, the plaintiff notified the credit bureau and disputed the Alco collection account.  In response to notice of the dispute, Alco verified to the credit bureau that the plaintiff still owed the alleged debt but stated that it was satisfied. Plaintiff maintains that Alco should have notified the credit

---

[1] Record document numbers 29 and 30.

bureau to delete the account since she did not owe the debt. Plaintiff returned to the credit bureau to dispute the Alco account again. While there, a credit bureau employee contacted Alco and spoke with defendant Allen, who is the manager of Alco. Allen told the credit bureau employee that he was going to sue the plaintiff again for this alleged debt.[2] Plaintiff asserted that these actions by Alco and Allen violate various provisions of the FDCPA and the FCRA.

Defendants moved for summary judgment arguing essentially that because the suit by St. Jean Apartments against the plaintiff was dismissed without prejudice, the dismissal does not bar a subsequent suit on the same cause of action. In other words, the defendants argued, the dismissal did not constitute a judgment on the merits of the claim of St. Jean Apartments and did not establish as a matter of law that the plaintiff did not owe the debt. Therefore, the defendants contended that their conduct could not have violated the FDCPA or FCRA. Defendants supported their motion with a statement of material facts as to which they contend there is no genuine dispute and the affidavit of defendant Allen.[3]

---

[2] Record document number 1, Complaint, ¶¶ 6-21.

[3] Record document number 18. In his affidavit Allen referred to Exhibit A, a certified copy of the August 3, 2004 judgment rendered by Baton Rouge City Court Judge Trudy M. White. The copy of the judgment was not attached to the affidavit when it was filed. Defendants later supplemented their motion to include the missing copy of the judgment. Record document number 25.

2

Plaintiff opposed the motion relying on her response to the defendants' statement of material facts and a copy of the City Court trial transcript.[4]  Plaintiff argued that a review of the transcript showed that the City Court judge intended to dismiss the claim of St. Jean Apartments on the merits.  Because the transcript shows that at the time of trial St. Jean Apartments had no witnesses to testify and the plaintiff was ready to proceed, the trial judge rejected the request for a continuance and dismissed the suit.  Plaintiff argued that in the circumstances presented at the time of the City Court trial, the applicable procedural rules require that the judgment be considered a judgment on the merits and with prejudice.  Therefore, plaintiff argued, the City Court judgment is a determination that the plaintiff did not owe the debt claimed by St. Jean Apartments.

### Summary Judgment Standard

Summary judgment is only proper when the moving party, in a properly supported motion, demonstrates that there is no genuine issue of material fact and that the party is entitled to judgment as a matter of law.  Rule 56(c), Fed.R.Civ.P.; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2510 (1986).  If the moving party carries its burden under Rule 56(c), the opposing party must direct the court's attention to specific evidence in the record which demonstrates that it can satisfy a reasonable jury

---

[4] Record document number 29.

3

that it is entitled to verdict in its favor.  *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512.  This burden is not satisfied by some metaphysical doubt as to the material facts, conclusory allegations, unsubstantiated assertions or only a scintilla of evidence.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  In resolving the motion the court must review all the evidence and the record taken as a whole in the light most favorable to the party opposing the motion, and draw all reasonable inferences in that party's favor.  *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513.  The court may not make credibility findings, weigh the evidence or resolve factual disputes.  *Id.; International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059, 112 S. Ct. 936 (1992).  The substantive law dictates which facts are material.  *Littlefield v. Forney Independent School Dist.*, 268 F.3d 275, 282 (5th Cir. 2001).

**Analysis**

The parties do not dispute the applicable provisions of the FDCPA and the FCRA.  Defendants' motion hinges on whether the City Court judgment was without prejudice, thereby leaving open the possibility that St. Jean Apartments could still pursue its claim against the plaintiff, or rather was a decision on the merits, meaning that the plaintiff did not owe the alleged debt.

Defendants' arguments are unpersuasive.[5] The City Court trial of the claim by St. Jean Apartments against the plaintiff was scheduled for July 22, 2004. The record of the court proceedings establishes that the plaintiff was present along with her witnesses.[6] Counsel for St. Jean Apartments was also present, but had no witnesses. The judge asked the plaintiff whether she was disputing that she owed St. Jean Apartments the cost to replace the carpet in her apartment. Plaintiff answered that she was and explained the circumstances. She told the judge that St. Jean Apartments reported the debt to the credit bureau, but she disputed it.

The attorney for St. Jean Apartments contacted his witness, who was at lunch somewhere 20 or 30 minutes away from the courthouse. However, the judge stated she could not wait and the case was going to either be reset or dismissed. The attorney asked that the case be reset, while the plaintiff explained that she and her witnesses had missed work to come to court.

---

[5] The statutes and decisions cited by the defendants are not controlling or persuasive. Record document number 19, pp. 5-7. The Louisiana Code of Civil Procedure articles relied on by the defendants do not address the interpretation of a judgment that does not specify whether it is with or without prejudice. The decisions cited by the defendants are unpersuasive because they involve factual circumstances too dissimilar from the present case.

[6] "In the construction of an ambiguous judgment, resort may be had to the entire record to aid in arriving at its meaning." *Rodrigue v. Ziifle*, 288 So.2d 630, 632 (La. 1974); *Klotz v. Wood*, 807 So.2d 931, 933(La.App. 5 Cir. 2002).

5

> They work too. I-he took off work today to come to court, and I'm asking that this be dismissed and taken off my record because I didn't damage their property...I-it's nothing on my credit but St. Jean Apartments saying that I owe them for them replacing carpet, this been since 2001. Why are they just now bringing me to court if they felt that I damaged their carpet in 2001?

The judge then stated: "Okay, the Court is going to dismiss the suit."

The attorney for St. Jean Apartments prepared a judgment, which was signed August 3, 2004. The prepared judgment did not state specifically whether the dismissal was with prejudice or without prejudice.

At the trial, the judge informed the plaintiff as follows:

> All right, he's going to prepare a Judgment of Dismissal. We're going to serve you a copy. They will have it dismissed or removed from your credit record. In addition, you'll get a certified copy; you can take it down to the Credit Bureau in the event that they don't do anything. Okay.

Consideration of the summary judgment evidence in the light most favorable to the plaintiff supports the conclusion that the defendants' motion should be denied. When the case was called for trial the plaintiff was prepared to proceed but St. Jean Apartments was not. The city court judge specifically rejected the request for a continuance, and after considering the plaintiffs' statements, dismissed the case. There was no suggestion or indication by the trial judge that she considered the merits of the claim as still unresolved, nor did the attorney for St. Jean Apartments indicate that the claim would still be pursued. The

6

city court trial transcript easily supports the conclusion that the dismissal of the claim by St. Jean Apartments was on the merits, principally because there were no witnesses present to support the claim.  Consequently, the defendants have not established that there is no genuine dispute as to the central material fact relied upon to support their motion.

### Recommendation

It is the recommendation of the magistrate judge that the motion for summary judgment by defendants Alco Collections, Inc. and James Allen be denied.

Baton Rouge, Louisiana, October 17, 2005.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE